UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:20-cv-175 |
| T.J. DONOVAN, in his official capacity as attorney general of Vermont, | ) ) ) |
| Defendant. | ) ) |

**ORDER OF DISMISSAL**

The court's November 9, 2020 Order denied Plaintiff Huguette Nicole Young's Motion to Proceed In Forma Pauperis and required her to submit either an amended and complete application to proceed *in forma pauperis* or otherwise pay the requisite filing fee by November 23, 2020. (Doc. 5 at 6.) The Order further advised that failure to do so would result in dismissal without prejudice. The November 23, 2020 deadline has now passed without any filing from Plaintiff.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court is empowered to dismiss for failure to prosecute *sua sponte*. *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001). In considering a Rule 41(b) dismissal, the court weighs the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The court is mindful that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* at 217 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Here, it has been more than a week since the court's November 23, 2020 deadline without any filing from Plaintiff. The court's November 9, 2020 Order included explicit notice that dismissal would result if Plaintiff did not act by the stated deadline.[1] The prejudice factor is neutral in this case because the defendant has not even been served yet. Plaintiff's interest in a chance to be heard is outweighed in this case by the court's interest in managing its docket, especially with respect to the initial requirement that plaintiffs supply adequate information for the court to rule on *in forma pauperis* applications. The court has considered lesser sanctions, including further warnings or imposition of monetary sanctions, but concludes that they would be ineffectual here. The court notes that dismissal in this case is not a particularly extreme sanction because the dismissal is without prejudice and Plaintiff remains free to re-file and seek *in forma pauperis* status in the ordinary course.

This case is accordingly DISMISSED without prejudice on the court's own motion under Fed. R. Civ. P. 41(b).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 1st day of December, 2020.

---

Geoffrey W. Crawford, Chief Judge
United States District Court

---

[1] Although Plaintiff filed a motion requesting email notification of case activity, the court denied that motion (Doc. 5 at 2) and it remains Plaintiff's responsibility to arrange to receive communications from the court.